UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSE QUEZADA,

                Plaintiff,

     v.                                                9:13-CV-0885
                                                               (MAD/TWD)

BRIAN FISCHER, et al.,

                Defendants.

---

APPEARANCES:                                OF COUNSEL:

JOSE QUEZADA
04-A-3690
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN            TIFFINAY M. RUTNIK, ESQ.
New York State Attorney General             Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

      Plaintiff Jose Quezada commenced this action by filing a pro se civil rights complaint. Dkt. No. 1 ("Compl."). Plaintiff subsequently filed a second amended complaint, which is the operative pleading. Dkt. No. 111 ("Sec. Am. Compl."). In the second amended complaint, plaintiff alleges that his constitutional and statutory rights were violated during his previous confinements at Shawangunk Correctional Facility ("Shawangunk C.F."), Upstate Correctional Facility ("Upstate C.F."), and Clinton Correctional Facility ("Clinton C.F."). *See*

*generally* Sec. Am. Compl.  Presently before the Court is plaintiff's motion requesting preliminary injunctive relief.  Dkt. No. 125.  Defendants oppose the motion.  Dkt. No. 130.

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted));  *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).  The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order.  *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008).  The district

2

court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005).

Plaintiff, who is now incarcerated at Auburn Correctional Facility ("Auburn C.F."), claims that correctional officers Glasdale and Beener, who are employed at Auburn C.F., have violated plaintiff's rights by, among other things, interfering with plaintiff's legal work and access to the courts, denying him food, tampering with the television and radio, and threatening to either assault him or plant contraband in his cell. Dkt. No. 125 at 1-2. Plaintiff claims that the alleged misconduct is "in retaliation for the incident with the defendants" and because of an incident with an officer at Green Haven Correctional Facility in 2011. *Id.* Construed liberally, plaintiff seeks a court order directing Glasdale and Beener to stop harassing and retaliating against plaintiff. *Id.* at 1-2.

"'To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted). *See, e.g., Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and improper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party

contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997); *accord Ball v. Famiglio*, 396 Fed. App'x 836, 837 (3d Cir. 2010); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994).

      Here, the allegations that form the basis for plaintiff's motion for injunctive relief – namely his alleged inadequate conditions of confinement at Auburn C.F. – are not sufficiently related to the claims in the complaint that his constitutional or statutory rights were violated during his previous confinements at Shawangunk C.F., Upstate C.F., and Clinton C.F.[1]  Thus, the motion can be denied on this basis alone.  Even if any of the alleged misconduct were related, plaintiff fails to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor.  *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

      Additionally, insofar as plaintiff seeks to enjoin the actions of non-parties, namely correctional officers Glasdale and Beener at Auburn C.F., the Court lacks subject matter jurisdiction to enjoin their actions.  *See Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (preliminary injunctive relief may be obtained "[o]nly after an action has been

---

[1] Although plaintiff appears to claim that the alleged violations of his rights by Auburn C.F. staff are in part in retaliation for this lawsuit, the retaliation claims are distinct claims arising at a separate time and are not related to the claims in the underlying complaint.  Plaintiff is advised that concerns regarding his conditions of confinement at Auburn C.F. may be addressed through administrative channels at Auburn C.F. and the New York State Department of Corrections and Community Supervision and, if necessary, by means of a properly filed action.

commenced"); *Williams v. State University of New York*, 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986) ("prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief"); *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Accordingly, for the foregoing reasons, plaintiff's motion for preliminary injunctive relief (Dkt. No. 125) is denied.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 125) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: June 15, 2015
       Albany, NY

Mae A. D'Agostino
U.S. District Judge

5