**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**JOSE QUEZADA,**

                        **Plaintiff,**

    vs.                                          9:13-CV-00885
                                                          (MAD/TWD)

**BRIAN FISCHER,** *et al.*,

                        **Defendants.**

---

**APPEARANCES:**                      **OF COUNSEL:**

**JOSE QUEZADA
04-A-3690**
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff *pro se*

**HON. ERIC T. SCHNEIDERMAN**       **RYAN W. HICKEY, AAG**
Attorney General for the State of New York
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On May 7, 2013, Jose Quezada ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action *pro se* in the Southern District of New York. *See* Dkt. No. 3. The case was transferred to the Northern District of New York on July 29, 2013. *See* Dkt. No. 18. In his Initial Complaint, Plaintiff named thirty-seven defendants. *See* Dkt. No. 3.

On March 31, 2014, this Court issued a Decision and Order severing and transferring the claims against twenty Defendants, relating to events that are alleged to have occurred while

Plaintiff was confined at Green Haven Correctional Facility, back to the Southern District of New York. *See* Dkt. No. 38. The claims remaining in the Northern District are asserted against Brian Fischer, Karen Bellamy, Richard Roy, Eric Gutwein, Donnie C. Riley, Daniel R. King, S. Brown, John Cross, J. Monacelli, Rosanna Lordi, William Chase, Ronald Larocque, Andrew Bouchey, Andrew Streeter, T. Brousseau, R. Lee, and S. Beaudette. *See id.* at 14.

Plaintiff has asserted claims for the violation of his First, Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, and for violations of Title II of the Americans with Disabilities Act of 1990[1] ("ADA") and the Rehabilitation Act of 1973[2] ("RA"). *See* Dkt. No. 111 at 6-7.[3] Each Defendant has been sued in both his or her individual and official capacity. *See id.* at 2-5. On March 5, 2015, Defendants filed a motion to dismiss certain claims contained within Plaintiff's Second Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 116. Plaintiff opposed the motion. *See* Dkt. Nos. 127, 129.

In their Memorandum of Law, Defendants have identified Plaintiff's claims, and which of those they seek to have dismissed by means of the present motion. *See* Dkt. No. 116-1 at 5-7. Each claim arises out of events that are alleged to have transpired while Plaintiff was incarcerated at either Shawangunk Correctional Facility ("Shawangunk C.F."), Upstate Correctional Facility ("Upstate C.F."), or Clinton Correctional Facility ("Clinton C.F."); or while Plaintiff was in transit from Upstate C.F. to Clinton C.F. *See id.*

In a February 16, 2016 Order and Report-Recommendation, Magistrate Judge Thérèse Wiley Dancks recommended that Defendants' motion be granted in part and denied in part. *See*

---

[1] 42 U.S.C. §§ 12131, *et seq.*

[2] 29 U.S.C. § 794(a).

[3] Plaintiff's Second Amended Complaint was filed on February 5, 2015 and is the operative complaint on the present motion.

2

Dkt. No. 140 at 2. Magistrate Judge Dancks recommended that the Court dismiss all of Plaintiff's § 1983 claims asserted against Defendants in their official capacities because such claims are barred by the Eleventh Amendment. *See Davies v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (holding that claims for damages advanced against DOCCS employees in their official capacities are claims against the State of New York) (citing *Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985)). With respect to Defendant Gutwein, Magistrate Judge Dancks recommended that the Court deny Defendants' motion to dismiss the due process claims against him on collateral estoppel grounds. *See* Dkt. No. 140 at 15. Magistrate Judge Dancks found that the Appellate Division opinion relied upon by Defendants[4] was insufficient to determine whether Plaintiff's alleged denials of due process were "actually litigated and decided" in the prior state proceeding.[5] *See id.*

Magistrate Judge Dancks recommended that the Court dismiss Plaintiff's retaliation claim against Defendant Gutwein with respect to his role as hearing officer at Plaintiff's May 25, 2011 disciplinary hearing without prejudice. *See id.* at 16-17. The recommendation found that there were no factual allegations plausibly showing that Defendant Gutwein's allegedly wrongful actions were causally related to specific protected activity.[6] *See id.* at 16.

---

[4] *Quezada v. Fischer*, 113 A.D.3d 1004 (3d Dep't 2014).

[5] *See Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008) ("[C]ollateral estoppel applies when: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was 'actually litigated and actually decided,' (3) there was 'a full and fair opportunity for litigation in the prior proceeding,' and (4) the issues previously litigated were 'necessary to support a valid and final judgment on the merits'") (quoting *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986)).

[6] *See Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) ("To prevail on a First Amendment retaliation claim, an inmate must establish '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected [speech or] [conduct] and the adverse action.'") (quoting *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009)).

Magistrate Judge Dancks recommended that the Court deny Defendants' motion to dismiss Plaintiff's Eighth Amendment harassment claims against Defendants Monacelli and Larocque. *See id.* at 19. She found the alleged harassment and threats actionable under § 1983 because they were directly related to the alleged assault on Plaintiff.[7] *See id.*

As to Defendant Chase, Magistrate Judge Dancks also recommended denying Defendants' motion with respect to Plaintiff's Eighth Amendment harassment claims. *See id.* at 20. A prisoner can state a claim under the Eighth Amendment against a corrections officer who spreads malicious rumors about him if they "incited other inmates to assault [the plaintiff] . . ., thereby placing him at grave risk of physical harm." *Bouknight v. Shaw*, No. 08 Civ. 5187, 2009 WL 969932, *4 (S.D.N.Y. Apr. 6, 2009) (quoting *Young v. Coughlin*, 93 Civ. 262, 1998 WL 32518, *7 (S.D.N.Y. Jan. 29, 1998)). Magistrate Judge Dancks found that Defendant Chase's instigation and encouragement to physically assault Plaintiff, coupled with the alleged occurrence of the ensuing beating on him, was sufficient to state an Eighth Amendment harassment claim under § 1983. *See* Dkt. No. 140 at 20.

Magistrate Judge Dancks recommended denying Defendants' motion to dismiss Plaintiff's Eighth Amendment harassment claim against Defendant Riley because his alleged threat closely preceded the alleged assault on Plaintiff. *See id.* at 21. She recommended that the Court consider this claim in conjunction with Plaintiff's failure to intervene claim against Defendant Riley, which was not included in the present motion. *See id.*

With respect to Defendant Lordi, Magistrate Judge Dancks recommended that the Court deny Defendants' motion to dismiss Plaintiff's Eighth Amendment medical indifference claim. *See id.* at 24. Magistrate Judge Dancks found that Plaintiff's alleged injuries and ailments

---

[7] *See Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (distinguishing claims of harassment and threats unaccompanied by injury from those involving injury).

resulting from the confrontation with Defendants Monacelli and Larocque were sufficient to plausibly allege that he had a serious medical condition for the purposes of the present motion.[8] *See id.* As to the subjective element of the claim, Plaintiff alleges that despite informing Defendant Lordi of his injuries, she told him that he did not need medical attention without ever having approached his room to evaluate them. *See id.* Accordingly, Magistrate Judge Dancks found these allegations sufficient to make a plausible showing of deliberate indifference.[9] *See id.*

Next, Magistrate Judge Dancks recommended that the Court grant Defendants' motion to dismiss Plaintiff's conspiracy claim against Defendant Lordi without prejudice. *See id.* at 26. She found that the intracorporate conspiracy doctrine applies,[10] *see id.* at 25-26, and that Plaintiff has failed to plausibly allege that Defendant Lordi, in attempting to cover up the assault, was pursuing personal interests separate and apart from those of DOCCS,[11] *see id.* at 26.

---

[8] *See Chance v. Armstrong*, 143 F.3d 698, 702-03 (2d Cir. 1998) (holding that factors to consider when determining whether a given medical condition is sufficiently serious include, but are not limited too the following: (1) the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic and substantial pain).

[9] *See id.* at 703 (holding that medical mistreatment rises to the level of deliberate indifference only when it involves "an act or failure to act . . . that evinces a 'conscious disregard of a substantial risk of serious harm.'") (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)).

[10] Magistrate Judge Dancks noted that the Second Circuit has yet to squarely address whether the doctrine applies to prisoner civil rights cases brought under § 1983, *see* Dkt. No. 140 at 25, yet cited numerous cases wherein the district courts have done just that, *see, e.g.*, *Vega v. Artus*, 610 F. Supp. 2d 185, 205 (N.D.N.Y. 2009).

[11] The intracorporate conspiracy doctrine holds that "officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with one another." *Toliver v. Fischer*, No. 9:12-CV-00077, 2015 WL 403133, *8 (N.D.N.Y. Jan. 29, 2015) (quoting *Jefferson v. Rose*, 869 F. Supp. 2d 312, 317-18 (E.D.N.Y. 2012)). An exception exists "when individuals pursue personal interests wholly separate and apart from the entity." *Vega*, 610 F. Supp. 2d at 205.

Magistrate Judge Dancks recommended that the Court deny Defendants' motion to dismiss Plaintiff's Eighth Amendment harassment claims against Defendants Streeter, Bouchey, and King because Plaintiff has plausibly alleged that the harassment was accompanied by injuries sustained as a result of an assault by those Defendants.[12] *See id.* at 27-28. On the other hand, she recommended that the Court grant the motion with respect to the harassment claims against Defendants Brousseau, Brown, Lee, and Beaudette with prejudice. *See id.* at 30, 33, 34, 38. Magistrate Judge Dancks found that the alleged comments with respect to these Defendants did not constitute a violation of any constitutional right because Plaintiff has failed to allege that they were accompanied by any injury. *See id.*

Magistrate Judge Dancks recommended that the Court dismiss with prejudice Plaintiff's claims that Defendant Brousseau violated DOCCS grievance procedures by failing to respond to his complaints, s*ee id.* at 31, because inmates do not have a constitutional right to state grievance programs. *See Shell v. Brzeniak*, 365 F. Supp. 2d 362, 370 (W.D.N.Y. 2005) ("[I]nmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does [sic] not give rise to a cognizable § 1983 claim.").

As to Defendant Beaudette, Magistrate Judge Dancks construed Plaintiff's contention that Beaudette destroyed Plaintiff's property in retaliation for filling grievances as a claim under both the First and Fourteenth Amendments. *See* Dkt. No. 140 at 35. Magistrate Judge Dancks recommended that the Court dismiss the Fourteenth Amendment claim with prejudice because she found that in this context, due process requires only a post-deprivation remedy, *see DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003), and that New York provides such remedy in the

---

[12] *See Aziz Zarif Shabazz*, 994 F. Supp. at 474.

Court of Claims, *see Davies v. New York*, 311 Fed. Appx. 397, 400 (2d Cir. 2009). *See* Dkt. No. 140 at 35.

As to Plaintiffs First Amendment retaliation claim, Magistrate Judge Dancks recommended that the Court dismiss the claim without prejudice. *See id.* at 38. First, the recommendation found that Plaintiff failed to identify the grievances against which Beaudette was allegedly retaliating.[13] *See id.* at 36. Next, the recommendation found that Plaintiff failed to allege facts plausibly showing that his filing of grievances was a motivating factor in Beaudette's alleged destruction of Plaintiff's personal property.[14] *See id.* at 37. Lastly, the recommendation found that putting three of Plaintiff's personal care items into the garbage was insufficient to constitute an adverse action.[15] *See id.*

The recommendation found that Plaintiff has alleged four distinct supervisory liability claims against Defendant Fischer, all of which Magistrate Judge Dancks recommended that the Court dismiss with prejudice. *See id.* at 40-43. First, Magistrate Judge Dancks found that Plaintiff's Fourteenth Amendment due process claim against him should be dismissed because Plaintiff failed to plausibly allege Fischer's personal involvement in the affirmance of Gutwein's

---

[13] Conclusory statements, unsupported by specific facts, are insufficient to state a claim for retaliation. *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

[14] An inmate bears the burden of showing that "the protected conduct was a substantial or motivating factor" in the defendants' decision to take action against the plaintiff. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

[15] The question is whether the action complained of would deter a similarly situated individual of ordinary firmness from exercising his constitutional rights. *See Davies v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003); *see also McFadden v. Friedman*, No. 9:12-CV-0685, 2015 WL 5603433, *12 (N.D.N.Y. Sept. 23, 2015) (finding the confiscation of the plaintiff's fan insufficient to constitute an adverse action).

guilty determination.[16] *See id.* at 40-41. Next, the recommendation found that Plaintiff's claim that Fischer failed to respond to a letter requesting an investigation should be dismissed because Plaintiff received a response from Deputy Commissioner Lucien J. LeClaire.[17] *See id.* at 41. The recommendation also found that Plaintiff's claim that Fischer failed to comply with Plaintiff's transfer request should be dismissed because Plaintiff has no constitutional right to be transferred to a federal prison or to an out of state facility.[18] *See id.* at 43. Lastly, Magistrate Judge Dancks construed Plaintiff's claim that Fischer failed to respond to a letter seeking his help with the FOIL officer's refusal to respond to his request as one for denial of due process. *See id.* at 42. The recommendation found that Plaintiff failed to state an actionable claim under § 1983 due to the availability of a meaningful postdeprivation remedy. *See id.*

Defendants have also identified a supervisory liability claim against Defendant Roy, Inspector General, for failure to respond to Plaintiff's letters informing him of Defendant Brousseau's alleged violation of DOCCS grievance procedures. *See* Dkt. No. 116-1 at 6; Dkt. No. 111 at 72; Dkt. No. 140 at 44-45. Magistrate Judge Dancks found that, because there is no constitutional right to the state grievance program, Defendant Brousseau's alleged misconduct[19]

---

[16] *See Shepherd v. Fischer*, No. 9:10-CV-1524, 2015 WL 1246049, *13 (N.D.N.Y. Feb. 23, 2015) ("Merely affirming the denial of an inmate's appeal of a disciplinary sanction . . . is insufficient, on its own, to establish personal involvement.").

[17] *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (finding no personal involvement where prison official merely received a letter and forwarded it to a subordinate for investigation and response).

[18] *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *see also Prins v. Coughlin*, 76 F.3d 504, 507 (2d Cir. 1997).

[19] Plaintiff has alleged that he notified Defendant Roy of Defendant Brousseau's alleged misconduct in "covering up the staff misconduct and refused [sic] to file Plaintiff's Grievance and destroyed [sic] the Grievance, and refused [sic] to file the Appeal." Dkt. No. 111 at 72.

did not give rise to a constitutional violation.[20]  *See* Dkt. No. 140 at 45.  Thus, Magistrate Judge Dancks recommended that the Court dismiss Plaintiff's claim against Defendant Roy with prejudice.  *See. id.*  Magistrate Judge Dancks recommended that the Court dismiss Plaintiff's supervisory liability claim against Defendant Bellamy for the same reason.  *See id.* at 46.

Lastly, Magistrate Judge Dancks recommended that the Court dismiss Plaintiff's claims against Defendant Cross for violation of Title II of the ADA and the RA in his individual capacity with prejudice, because neither Act provides for individual capacity suits against state officials.[21]  *See id.* at 54.  On the other hand, Magistrate Judge Dancks recommended that the Court deny Defendants' motion to dismiss Plaintiff's claims against Defendant Cross for violation of Title II of the ADA and the RA in his official capacity.  *See id.*  Specifically, Magistrate Judge Dancks found that Plaintiff has plausibly alleged that he is a qualified individual with a disability, was denied the opportunity to participate or benefit from DOCCS services or programs, and was discriminated against by reason of his disabilities.[22]  *See id.* at 53.

Magistrate Judge Dancks further found that Plaintiff has stated a claim for money damages under Title II of the ADA and the RA against Defendant Cross in his official capacity.  *See id.* at 54.  She found that, for purposes of the present motion, Plaintiff has plausibly alleged a Fourteenth Amendment violation because Defendant Cross has not sought dismissal of Plaintiff's

---

[20] *See Shell*, 365 F. Supp. 2d at 370.

[21] *See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001).

[22] Magistrate Judge Dancks found that Plaintiff has plausibly alleged that he has a hearing impairment in addition to knee and back disabilities.  *See* Dkt. No. 140 at 47, 48.  She found that Plaintiff has plausibly alleged that his requests for reasonable hearing accommodations were denied and that other inmates had access to the activities in which he wished to participate.  *See id.* at 47.  She further found that Plaintiff has made a plausible showing that he was denied recreation and hygiene activities afforded other inmates by being denied accommodations for his knee brace.  *See id.* at 54.

9

Eighth Amendment claim arising out of being forced to sit on the shower floor to put on his knee brace.[23] *See id.* With respect to Defendants' motion to dismiss Plaintiff's claims for injunctive relief under Title II of the ADA and RA, Magistrate Judge Dancks found that it was "premature to assess the continued viability . . . at this point in the litigation." *Id.*

Currently before the Court is Magistrate Judge Dancks' Order and Report-Recommendation. Neither party has filed an objection. Also before the Court is Plaintiff's renewed request for appointment of counsel. *See* Dkt. No. 141.

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is

---

[23] *See United States v. Georgia*, 546 U.S. 151, 159 (2006) ("[I]nsofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity.").

entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those

11

recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the February 16, 2016 Order and Report-Recommendation, the record before the Court, and the relevant case law, the Court finds that Magistrate Judge Dancks correctly recommended that Defendants' motion should be granted in part and denied in part.

Further, the Court notes that there still remain a significant number of claims that have not been addressed by the present motion. *See* Dkt. No. 140 at 55. The Court declines to engage in a *sua sponte* review of these claims.

As to Plaintiff's application for the appointment of counsel, the motion is denied. Plaintiff

is a frequent litigator in the courts of New York and has demonstrated that he is capable of presenting his case. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). This case does not involve complex legal issues and nothing indicates that Plaintiff is unable to investigate the facts alleged. *See id.* Finally, Plaintiff has not identified any special reason why the appointment of counsel at this stage would be more likely to lead to a just determination. *See id.* Accordingly, Plaintiff's motion to appoint counsel is denied without prejudice. If this case survives summary judgment, the Court will likely appoint trial counsel.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' February 16, 2016 Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' Rule 12(b)(6) motion to dismiss ceratin claims (Dkt. No. 116) in Plaintiff's Second Amended Complaint is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that the following claims are **DISMISSED WITH PREJUDICE**: (1) all claims for money damages against Defendants in their official capacities on Eleventh Amendment grounds; (2) Eight Amendment harassment claims against Defendants Brousseau, Brown, Lee, and Beaudette; (3) all supervisory liability claims against Defendants Fischer, Roy, and Bellamy; (4) First Amendment claim for violation of DOCCS inmate grievance procedures against Defendant Brousseau; (5) Fourteenth Amendment claim against Defendant Beaudette for destruction of personal property; (6) claims against Defendant Cross for violation of Title II of the ADA and Rehabilitation Act in his individual capacity; and the Court further

**ORDERS** that the following claims are **DISMISSED WITHOUT PREJUDICE**: (1)

Section 1983 conspiracy claim against Defendant Lordi; and (2) First Amendment retaliation claims against Defendants Gutwein and Beaudette; and the Court further

**ORDERS** that Defendants' motion to dismiss be **DENIED** as to the following claims: (1) Eighth Amendment harassment claims against Defendants Monacelli, Larocque, Chase, Riley, Streeter, Bouchey, and King; (2) Eighth Amendment denial of adequate medical care against Defendant Lordi; (3) Fourteenth Amendment due process claim against Defendant Gutwein on collateral estoppel grounds (without prejudice); and (4) claims against Defendant Cross for violation of Title II of the ADA and Rehabilitation Act in his official capacity; and the Court further

**ORDERS** that Defendants Fischer, Roy, and Bellamy are **DISMISSED** from this case; and the Court further

**ORDERS** that Plaintiff's renewed request for appointment of counsel (Dkt. No. 141) is **DENIED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 22, 2016
      Albany, New York

_Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge